FILED
OCT 29 2019
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DANIEL ISAIAH THOMAS,           )
                                )
      Plaintiff,              )
                                )
v.                              )    Civil Action No. 1:19-cv-02300 (UNA)
                                )
                                )
STATE OF NORTH CAROLINA,        )
                                )
      Defendant.              )

## MEMORANDUM OPINION

Plaintiff, appearing *pro se*, has now submitted the requisite financial information pursuant to 28 U.S.C. § 1915(a) and this Court's Order, *see* ECF No. 6. The Court my now turn to pending complaint and an accompanying application to proceed *in forma pauperis* ("IFP"). The IFP application will be granted and this case will be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" if it determines that the subject matter jurisdiction is wanting).

Plaintiff is a prisoner currently designated to Pender Correctional Institution, located in Burgaw, North Carolina. He sues the State of North Carolina and alleges that defendant "is denying [him to his] rights to [his] Moorish American Nationality." He requests that defendant act on his behalf by demanding that the U.S. Department of State and the Secretary of State of North Carolina "authenticate [his] 'Certification of Live Birth' (Birth Certificate) to Moroccan."

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such



facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3). Plaintiff fails to raise any federal question. He also fails to satisfy the burden to establish diversity jurisdiction.

Therefore, this complaint [1] and this case are dismissed for want of subject matter jurisdiction. A separate Order accompanies this Memorandum Opinion.

Date: October 25, 2019

CHRISTOPHER R. COOPER
United States District Judge